IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHELLE RUDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16cv449-SRW |
| ) | |
| NANCY A. BERRYHILL,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**[2]

Plaintiff Michelle Rudolph commenced this action on June 16, 2016, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner denying her applications for a period of disability, disability insurance benefits, and Supplemental Security Income. *See* Doc. 1; Doc. 14-2; R. 20. Plaintiff alleged disability as of June 1, 2012, but she did not provide specific information about her disability in her applications, except to note that she is not blind. *See* R. 232-42. On November 21, 2014, Administrative Law Judge Mary E. Helmer ("the ALJ") issued an adverse decision after holding two hearings on the plaintiff's claims.[3] *See* R. 20-35. The Appeals Council denied

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

[2] For the purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, as that was the version of the C.F.R. in effect at the time the claim was filed. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q. 3.

[3] Plaintiff was represented by counsel at the hearing before the ALJ. *See* R. 20.

plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. *See id.* at 1-6.

In the instant appeal, the plaintiff requests that the court remand this cause to the Commissioner under sentence four of § 405(g). *See* Doc. 12. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c). *See* Doc. 15, Doc. 16. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be remanded.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] decision for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In other words, this court is prohibited from reviewing the Commissioner's findings of fact *de novo*, even where a preponderance of the evidence supports alternative conclusions.

While the court must uphold factual findings that are supported by substantial evidence, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;

(2)    whether the claimant has a severe impairment;

(3) whether the claimant's impairment meets or equals an impairment listed by the Commissioner;

(4) whether the claimant can perform his or her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to a formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## DISCUSSION

The plaintiff was 24 years old as of her alleged disability onset date, which classifies her as a "younger individual." R. 33 (citing 20 C.F.R. § 404.1536 and § 416.963). At her two hearings before the ALJ, the plaintiff reported being 5'9" tall and 5'11" tall, and she weighed around 300 pounds. R. 23-24. The plaintiff has a documented history of mental illness. The ALJ found that the plaintiff suffers from the severe impairments of paranoid schizophrenia, obesity, and borderline intellectual functioning. *See* R. 22. Also, the ALJ noted that the plaintiff reported arthritis, anxiety, depression, and side effects from

4

medication to treat schizophrenia, but the ALJ did not find those to be severe impairments. *See id.* at 23-24. The ALJ concluded that the plaintiff does not have an impairment or combination of impairments that meet or medically equal a listed impairment. *See id.* at 24-31. As she must, the ALJ considered all of the plaintiff's impairments individually and collectively in determining the plaintiff's residual functional capacity ("RFC"). *Id.* at 31-33.

> The ALJ made the following RFC determination:
>
> [T]he [plaintiff] has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions: she requires a sit / stand option at 60 minute intervals; no climbing ladders, ropes, or scaffolds; no work around unprotected heights or hazardous machinery; work is limited to simple, routine, and repetitive tasks in a work environment free of assembly line production requirements, involving only simple, work related decisions, with few if any work place changes; no direct interaction with the general public; and work that can be around coworkers throughout the day, but only occasional interaction with coworkers.

*Id.* at 31. At step four, the ALJ found that the plaintiff has no past relevant work. *See* R. at 33. Relying, in part, on the testimony of a vocational expert, the ALJ concluded that "[c]onsidering the [plaintiff's] age, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." *Id.* The ALJ's findings resulted in a determination that the plaintiff "has not been under a disability … from June 1, 2012" through November 21, 2014. *Id.* at 34.

The plaintiff raises two arguments in favor of remand: (1) "the ALJ erred in rejecting the opinion of the plaintiff's treating psychiatrist Dr. Shankar Yalamanchili;" and (2) "the ALJ erred in finding that the plaintiff's complaints of disabling psychiatric symptoms and severe adverse medication side effects are not credible." Doc. 12 at 8. Because the

5

plaintiff's first argument warrants remand to the Commissioner for additional proceedings, the court does not reach the plaintiff's other argument.

**I.      Treating Physician**

The plaintiff asserts that psychiatrist Dr. Yalamanchili is a treating medical source and that the ALJ did not assign substantial weight to his opinion evidence or provide good cause for assigning less weight to the evidence as required. Doc. 12 at 8-10. The Commissioner does not expressly challenge the plaintiff's characterization of Dr. Yalamanchili as a treating medical source. The closest that the Commissioner comes to making such an argument is when it mentions that "[t]he record includes only one progress note signed by Dr. Yalamanchili on October 22, 2013," Doc. 13 at 4 (citing R. 575-75), and that "Dr. Yalamanchili completed a questionnaire supplied by Plaintiff's counsel dated October 24, 2013." *Id.* (citing R. 524-26). In a subsequent paragraph – in which the Commissioner sets out the well-established legal standards regarding the weight that an ALJ must assign to treating sources and to a one-time examiner's opinion evidence – the Commissioner correctly notes that "a one-time examiner's opinion is not entitled to the deference normally given treating sources." Doc. 13 at 5 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)). What is missing from the Commissioner's brief is any express argument

that Dr. Yalamanchili is not a treating source and that the court is empowered to make that factual finding.[4]

The ALJ did not make a determination as to whether Dr. Yalamanchili is a treating source. The ALJ made the following findings regarding Dr. Yalamanchili's opinion evidence:

> In October 2013, Dr. Yalemanchiti (sic) completed a medical source statement in which he assessed that the claimant could not sustain work activity (Exhibit B13F). However, this assessment is entitled to little probative weight. The claimant testified that medications, if taken as prescribed, helps (sic) control her symptoms. She was not taking medications in August 2013 nor was she taking her Latuda in December 2013. The psychological consultative examination in March 2014, (sic) did not show any significant abnormal findings.

Doc. 14-2; R. 32.

---

[4] "[T]he onus is upon the parties to formulate arguments[.]" *A.L. v. Jackson Cty. Sch. Bd.*, 635 F. App'x 774, 787 (11th Cir. 2015) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). The Eleventh Circuit recently reiterated that,

> "To prevail on a particular theory of liability, a party must present that argument to the district court. Our adversarial system requires it; district courts cannot concoct or resurrect arguments neither made nor advanced by the parties." *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) (citation omitted); *see also Maradiaga v. United States*, 679 F.3d 1286, 1293-94 (11th Cir. 2012) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties. That federal courts can take notice of [the law] does not mean that a party ... need not cite it to the court or present argument based upon it, or that federal courts must scour the law ... for possible arguments a [party] might have made.") (citation and quotation marks omitted); *cf. In re Antrobus*, 563 F.3d 1092, 1099-1100 (10th Cir. 2009) ("Under our rules we are not permitted to invent arguments even for *pro se* litigants; certainly, we cannot revive ones foregone nearly a year ago by such well-counseled litigants."); *Yeomalakis v. FDIC*, 562 F.3d 56, 61 (1st Cir. 2009) ("It is not our job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief.").

*Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1149 (11th Cir. 2017). The court cannot infer an argument that is not expressly raised. *See id.*

According to the administrative record, the plaintiff presented to Dr. Yalamanchili at "South Central AL Mental Health Board, Inc."[5] for treatment on October 22, 2013. R. 574-75. During that visit, Dr. Yalamanchili noted that the plaintiff was 25-years old, had been diagnosed with schizophrenia, and was being seen for a follow-up examination. R. 574. According to treatment notes, the plaintiff reported "ongoing sedation with current meds. She prefers Latuda. Voices are improving. Denies SI/HI. Has tried to half her meds but she remains sedated and unable to function. Has excessive daytime sedation." R. 574. Dr. Yalamanchili recommended that the plaintiff continue with Latuda and Haldol, and that she should stop taking Trazodone. R. 574. He noted that the plaintiff should return in "2-3 months." Tr. 574.

With respect to his Medical Source Statement, Dr. Yalamanchili responded to the question, "How often will Ms. Rudolph need to see you for treatment?" with, "[e]very other week for group sessions & PRN individual sessions." R. 524. Dr. Yalamanchili expressed the opinion that delusions and hallucinations will affect plaintiff's concentration and could lead the plaintiff "to believe that a co-worker wants to poison her." R. 525. Auditory hallucinations could prevent the plaintiff from following instructions. R. 525. Dr. Yalamanchili prescribed the plaintiff Latuda and Haldol, which are antipsychotic medications, and a separate medication that "reduces the effects of certain chemicals in the body that may become unbalanced." R. 525. Dr. Yalamanchili determined that the plaintiff

---

[5] The plaintiff had an ongoing treatment history with South Central AL Mental Health Board, Inc. *See* R. 466-478, 488, 490-505, 556-577, 586-612. It appears from the record that Dr. Yalamanchili is a psychiatrist who provided care for the plaintiff, along with other psychiatrists, psychologists, social workers, and therapists.

would be unable to work for eight hours per day, forty hours per week, and that she would miss at least five days per month because of her psychiatric conditions. R. 524-25.

In her written decision, the ALJ does not mention the October 2013 treatment visit with Dr. Yalamanchili and does not discuss the plaintiff's history of psychiatric treatment with South Central AL Mental Health Board, Inc. in explaining the weight she assigned to Dr. Yalamanchili's medical source statement. Without considering Dr. Yalamanchili's treatment history with the plaintiff or making a finding that he is or is not a treating medical source, the ALJ assigned less weight to Dr. Yalamanchili's medical source statement because of the plaintiff's testimony that medication *helps* to control her symptoms, the plaintiff was not taking her medication as prescribed in August and December 2013, and a single consultative examination by a non-treating medical source "did not show any significant abnormal findings." R. 32.

> The C.F.R. that is applicable in this case provides:
>
> Treating source means your own acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s). We will not consider an acceptable medical source to be your treating source if your relationship with the source is not based on your medical need for treatment or evaluation, but solely on your need to obtain a report in support of your claim for disability. In such a case, we will consider the acceptable medical source to be a nontreating source.

20 C.F.R. § 404.1527(a)(2).

Generally,

> Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a) (2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of a treating physician constitutes reversible error).

*Albery v. Comm'r of Soc. Sec.*, 2012 WL 2589297, at *7 (M.D. Fla. June 7, 2012), *report and recommendation adopted*, 2012 WL 2589267 (M.D. Fla. July 3, 2012). *See also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).[6]

---

[6] [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (*per curiam*). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

"In determining whether a claimant is disabled, the ALJ will always consider the medical opinions in a case record together with the rest of the relevant evidence received[,]" including the opinion evidence of treating medical sources. *Anteau v. Comm'r of Soc. Sec.*, 708 F. App'x 611, 613 (11th Cir. 2017) (citing 20 C.F.R. § 404.1527(b)). The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) and *Wiggins v. Schweiker*, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. *Id.* (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted).

In the absence of a finding by the ALJ concerning whether or not Dr. Yalamanchili is a treating medical source, the court cannot proceed with a meaningful review of the Commissioner's disability determination. If the ALJ considered Dr. Yalamanchili to be a treating source, that is not evident from the ALJ's written decision. The facts that are consigned to the Commissioner for resolution, which include the weight to give to different medical source evidence, are for the ALJ in the first instance and not the court. *See Albery*, 2012 WL 2589297, at *7; *Dyer*, 395 F.3d at 1210 (a district court cannot decide facts anew

---

*Winschel*, 631 F.3d at 1179.

or reweigh the evidence). Also, because a treating medical source is entitled to substantial weight unless the ALJ articulates good cause supported by substantial evidence, the court cannot assume that the ALJ applied correct legal standards in the absence of a finding by the ALJ that Dr. Yalamanchili is or is not a treating medical source. *See Davis*, 985 F.2d at 531 (no presumption of validity accompanies the ALJ's application of legal standards).

Under the circumstances, the court must remand this matter for additional proceedings. *See Ingram v. Commissioner of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) ("The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.") (bracketed text in original); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991) (the ALJ errs as a matter of law if the written decision lacks enough information for the court to review the ALJ's findings to ensure that proper legal standards were employed and that the factual findings are based on substantial evidence). In considering the weight to assign to Dr. Yalamanchili's opinion evidence, the ALJ must determine expressly whether Dr. Yalamanchili is a treating medical source so that, if another appeal follows, a reviewing court can assess whether proper legal standards were applied.

## CONCLUSION AND ORDER

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) by separate judgment so that the Commissioner can conduct additional proceedings consistent with this opinion. The court does not reach plaintiff's arguments that are not expressly

discussed herein. The court expects that the Commissioner will consider plaintiff's arguments as to those issues on remand as well, and will develop the record as is necessary in areas not expressly considered in this opinion.

Done, on this the 28th day of March, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge